PER CURIAM.
This case is before us on remand from the United States Supreme Court following its decision on certiorari review of *549 White v. State, 710 So.2d 949 (Fla.1998). In White we had held that, in the absence of exigent circumstances, the Fourth Amendment required law enforcement officers to obtain a warrant prior to seizing White’s automobile pursuant to the Florida Contraband Forfeiture Act.[1] The Supreme Court reversed this decision, holding that the search and seizure of White’s automobile did not violate the Fourth Amendment because the officers had probable cause to believe that the automobile was “contraband” subject to the Act and the automobile’s ease of mobility required the officers to act promptly. See Florida v. White, 526 U.S. 559, 119 S.Ct. 1555, 1559, 143 L.Ed.2d 748 (1999). In addition, the Supreme Court reasoned that the Fourth Amendment accords “law enforcement officials greater latitude in exercising their duties in public places.” Because the officers seized White’s automobile in a public place-White’s employer’s parking lot-the warrantless seizure did not invade White’s privacy. See id., 119 S.Ct. at 1559-60.
On remand, White now argues that due process principles contained with Article I of the Florida Constitution independently requires a pre-seizure ex parte hearing.[2] However, the State asserts, and White does not contest, that this argument was not raised to the trial court or to the district court of appeal during the direct appeal from his conviction. Thus we decline to consider this argument because White has not preserved this issue for review.
We also reject White’s argument that our decision in White gives this Court jurisdiction to review this new argument. We accepted jurisdiction in White on the basis of a certified question from the district court.[3] That question asked us to consider whether the warrantless seizure of White’s automobile under the Forfeiture Act, absent exigent circumstances, violated the Fourth Amendment so as to render the evidence seized in a subsequent inventory search of the automobile inadmissable in a criminal prosecution. See White, 710 So.2d at 950. In light of the holding of the United States Supreme Court we answer this question in the negative, with the express condition that the seizure take place in a public place. White did not argue and we did not address whether due process independently requires an ex parte warrant. As such, White’s argument on remand is procedurally barred.
Accordingly, in light of the United States Supreme Court’s opinion, we now approve the result in the district court.
It is so ordered.
HARDING, C.J., SHAW, WELLS and ANSTEAD, JJ., and OVERTON, Senior Justice, concur.

. See §§ 932.701-.704, Fla. Slat. (1993).

. Article I, section 9 provides:
No person shall be deprived of life, liberty or property without due process of law, or be twice put in jeopardy for the same offense, or be compelled in any criminal matter to be a witness against oneself.

.See White v. State, 680 So.2d 550 (Fla. 1st DCA 1996).